**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:  CASE NO.: 3:19-bk-02161-JAF
CHAPTER 7

**Columbus Calvin Watts, Jr,**

    Debtor,

**Erica Lynn Watts,**

    Joint Debtor.

_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(*Final Judgment of Foreclosure Obtained*)

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**
>
> **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Bryan Simpson United States Courthouse, 300 N. Hogan Street, Suite 3-150, Jacksonville, Florida 32202-4267and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**
>
> **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Columbus Calvin Watts, Jr and Erica Lynn Watts, filed a voluntary petition

pursuant to Chapter 7 of the United States Bankruptcy Code on June 6, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. Secured Creditor filed a foreclosure complaint against the Debtor(s) on August 31, 2017 in the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Case Number: 42-2017-CA-001666, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

**LOT 10, BLOCK 412, SILVER SPRINGS SHORES UNIT NO. 21, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK J, PAGE(S) 169, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA.** This property is located at the street address of: 6303 Pecan Crse, Ocala, Florida 34472.

5. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on February 7, 2019, in the amount of $169,170.83. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

6. The appraised value of the property is $104,756.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtor(s)' schedules, the property is claimed as non-exempt and is being

surrendered. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any

pending or subsequent foreclosure proceeding.

12. A Proposed Order accompanies this Motion.  See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: June 18, 2019

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969

By: /s/ Nathalie Rodriguez
Nathalie Rodriguez, Esquire
Florida Bar Number: 125114
Email: nrodriguez@rasflaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 18, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Columbus Calvin Watts, Jr
6303 Pecan Course
Ocala, FL 34472

Erica Lynn Watts
6303 Pecan Course
Ocala, FL 34472

Damien Aranguren
Justin McMurray, P.A.
118 West Fort King Street
Ocala, FL 34471

Gregory L. Atwater
P.O. Box 1865
Orange Park, FL 32067

United States Trustee - JAX 13/7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

    ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
    Attorney for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone: 561-241-6901
    Facsimile: 561-241-1969

    By: /s/ Nathalie Rodriguez
    Nathalie Rodriguez, Esquire
    Florida Bar Number: 125114
    Email: nrodriguez@rasflaw.com

# EXHIBIT "A"

IN THE FLORIDA COURT OF THE FIFTH
JUDICIAL CIRCUIT OF FLORIDA IN AND FOR
MARION COUNTY
GENERAL JURISDICTION DIVISION
CASE NO: 42-2017-CA-001666

NATIONSTAR MORTGAGE LLC,
    Plaintiff,

vs.

COLUMBUS CALVIN WATTS, JR.; ERICA L.
WATTS; ANY AND ALL UNKNOWN PARTIES
CLAIMING BY, THROUGH, UNDER, AND
AGAINST THE HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO BE
DEAD OR ALIVE, WHETHER SAID UNKNOWN
PARTIES MAY CLAIM AN INTEREST AS
SPOUSES, HEIRS, DEVISEES, GRANTEES, OR
OTHER CLAIMANTS,
    Defendant(s).
_____/

## FINAL JUDGMENT OF FORECLOSURE

This action was tried before the court at a Non-Jury Trial on February 7, 2019. On the evidence presented. **IT IS ADJUDGED** that Plaintiff's Final Judgment is **GRANTED** against all defendants listed by name: COLUMBUS CALVIN WATTS, JR.; ERICA L. WATTS.

1. **Amounts Due.** Plaintiff, NATIONSTAR MORTGAGE LLC, whose address is c/o Nationstar Mortgage LLC d/b/a Mr. Cooper, 8950 Cypress Waters Blvd., Coppell, TX 75019, is due:

| | |
|---|---:|
| Principal | $139,772.01 |
| Interest to date of this judgment: February 7, 2019 | $11,502.12 |
| Inspections | $143.33 |
| Legal Fees | $6,026.88 |
| • Lis Pendens: $9.00 | |
| • Filing Fees: $957.38 | |
| • Title Search: $325.00 | |
| • Service of Process: $260.00 | |
| • Paid Attorney Hourly Fees: $2,515.50 | |
| • Paid Flat Fee: $1,960.00 | |
| Hazard Insurance | $1,343.38 |
| Taxes | $3,850.27 |
| Mortgage Insurance | $1,622.80 |

17-074668 - DaW



17.0746681359\lgonz

|  |  |
|---|---|
| Misc. Advances | $191.96 |
| SUBTOTAL | $164,452.75 |

Attorneys' Fees:
  Finding as to reasonable number of hours: 21.00
  Finding as to reasonable hourly rate: $215.00
  Total Attorney Hourly Fees: $4,515.00
  Outstanding Attorney Hourly Fees: $1,999.50
  Total Flat Fee: $2,800.00
  Flat Fee: $1,960.00

|  |  |
|---|---|
| Attorneys' Fee Total: | $4,799.50 |
| SUBTOTAL | $169,252.25 |
| Less: Forbearance | ($81.42) |
| **TOTAL SUM** | **$169,170.83** |

That shall bear interest at a rate in accordance with section 55.03(3), Florida Statute

2. **Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in Marion County, Florida:

> LOT 10, BLOCK 412, SILVER SPRINGS SHORES UNIT NO. 21, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK J, PAGE(S) 169, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA.
>
> **Property Address:** 6303 PECAN CRSE, OCALA, FL 34472

3. **Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of this Court shall sell the property at public sale on the _10_ day of ___June___, 20_19_, to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at 110 NW 1ST AVENUE, ROOM 202, OCALA, FL 34475 in Marion County, Florida, in accordance with section 45.031, Florida Statutes (2013), using the following method:

   ☒ www.marion.realforeclose.com beginning at 11:00 AM

4. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

5. **Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees;

fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. **Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, and defendant(s) right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7. **Attorneys' Fees.** The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the flat fee of $2,800.00 is reasonable and appropriate for the Plaintiff's counsel's attorney's fees. Furthermore, the Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that 21.00 hours were reasonably expended by Plaintiff's counsel and that and hourly rate of $215.00 is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH PLAINTIFF. The Court finds that there are no reasons for either reduction or enhancement pursuant to *Florida Patient's Compensation Funds v. Rowe*, 472 So. 2d 1145 (Fla. 1985), and the Court therefore has awarded reasonable attorney's fees in the amount indicated in paragraph 1 of this Judgment.

8. **Jurisdiction Retained.** Jurisdiction is reserved over this action to enforce the Final Judgment and to enter further orders that are proper including, without limitation, an award of attorney's fees and costs, a deficiency decree (if sought and appropriate), writs of possession, orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

ORDERED at OCALA, MARION COUNTY, FLORIDA this __7__ day of __February__, 20__19__.

/s/ Lisa Herndon

_____
HONORABLE PRESIDING JUDGE

17-074668 - DaW

COPIES FURNISHED TO:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
ATTORNEYS FOR PLAINTIFF
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
PRIMARY EMAIL: MAIL@RASFLAW.COM

JUSTIN MCMURRAY, P.A.
DAMIEN ARANGUREN, ESQ.
ATTORNEY FOR COLUMBUS CALVIN WATTS, JR.
C/O JUSTIN MCMURRAY, P.A.
118 WEST FORT KING STREET
OCALA, FL 34471
PRIMARY EMAIL: DAMIEN@LOJMPA.COM

JUSTIN MCMURRAY, P.A.
DAMIEN ARANGUREN, ESQ.
ATTORNEY FOR ERICA L. WATTS
C/O JUSTIN MCMURRAY, P.A.
118 WEST FORT KING STREET
OCALA, FL 34471
PRIMARY EMAIL: DAMIEN@LOJMPA.COM

**EXHIBIT "B"**

Villie M. Smith, CFA, ASA
# Marion County Property Appraiser

501 SE 25th Avenue, Ocala, FL 34471 Telephone: (352) 368-8300 Fax: (352) 368-8336

## 2019

MAP IT                                                                                           Current as of 6/17/2019

**Property Information**

WATTS COLUMBUS CALVIN JR  
WATTS ERICA L  
6303 PECAN CRSE  
OCALA FL 34472-8708  

Taxes / Assessments:  
Map ID: 233  
Millage: 9001  

M.S.T.U.  
PC: 01  
Acres: .23  

Situs: 6303 PECAN CRSE OCALA

# Current Values NOT Available
Ex Codes:

### History of Assessed Values

| Year | Land Just | Building | Misc Value | Mkt/Just | Assessed Val | Exemptions | Taxable Val |
|---|---|---|---|---|---|---|---|
| 2018 | $6,000 | $95,065 | $3,691 | $104,756 | $104,756 | $0 | $104,756 |
| 2017 | $5,200 | $92,618 | $3,923 | $101,741 | $101,741 | $0 | $101,741 |
| 2016 | $4,300 | $87,523 | $4,160 | $95,983 | $90,065 | $0 | $90,065 |

### Property Transfer History

| Book/Page | Date | Instrument | Code | Q/U | V/I | Price |
|---|---|---|---|---|---|---|
| 6416/1759 | 06/2016 | 07 WARRANTY | 4 V-APPRAISERS OPINION | Q | I | $144,000 |
| 6351/0720 | 02/2016 | 06 SPECIAL WARRANTY | 2 V-SALES VERIFICATION | U | I | $73,000 |
| 6295/1091 | 08/2014 | 57 TRANSFER FROM BANK | 0 | U | I | $100 |
| 6085/1127 | 08/2014 | 56 TRANSFER TO BANK | 0 | U | I | $60,000 |
| 5317/0435 | 02/2010 | 05 QUIT CLAIM | 7 PORTIONUND INT | U | I | $100 |
| 3189/1480 | 06/2002 | 07 WARRANTY | 7 PORTIONUND INT | U | I | $100 |
| 2577/1071 | 11/1998 | 06 SPECIAL WARRANTY | 2 V-SALES VERIFICATION | Q | I | $55,000 |
| 2557/0376 | 09/1998 | 31 CERT TL | 0 | U | I | $100 |
| 1871/0509 | 09/1992 | 07 WARRANTY | 9 UNVERIFIED | U | V | $11,000 |
| 1705/2065 | 04/1990 | 07 WARRANTY | 9 UNVERIFIED | U | V | $6,000 |

### Property Description

SEC 31 TWP 15 RGE 23  
PLAT BOOK J PAGE 169  
SILVER SPRINGS SHORES UNIT 21  
BLK 412 LOT 10

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                                                                                              CASE NO.: 3:19-bk-02161-JAF
                                                                                                                           CHAPTER 7

**Columbus Calvin Watts, Jr,**

    Debtor,

**Erica Lynn Watts,**

    Joint Debtor.

_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

THIS CASE came on consideration without a hearing on Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Secured Creditor") Motion for Relief from Stay (Docket No. ___).  No appropriate response has been filed in accordance with Local Rule 2002-4.  Accordingly, it is:

**ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 6303 Pecan Crse, Ocala, Florida 34472 in Marion County, Florida, and legally described as:

   LOT 10, BLOCK 412, SILVER SPRINGS SHORES UNIT NO. 21, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK J, PAGE(S) 169, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

###

Attorney, Nathalie Rodriguez, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.